UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

AIDS HEALTHCARE FOUNDATION, INC.

        Plaintiff,

vs.

                                          CASE NO:  15-CV-21546-KMW

JACK CARREL; MAURICIO FERRER;
SHAWN LOFTIS; THEODORE J. LEOPOLD,
ESQ.; COHEN MILSTEIN SELLERS & TOLL,
PLLC; SALPETER GITKIN, LLP; and KAISER
LAW FIRM, PLLC,

        Defendants.
_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR EXPEDITED DISCOVERY

Defendants JACK CARREL, MAURICIO FERRER, SHAWN LOFTIS, COHEN MILSTEIN SELLERS & TOLL, PLLC, THEODORE J. LEOPOLD, ESQ., SALPETER GITKIN, LLP and KAISER LAW FIRM, PLLC (hereafter "Defendants") file this Opposition to Plaintiff's Motion for Expedited Discovery.  For the reasons set forth below, the Court should deny Plaintiff's request to conduct discovery before the case is even at issue and before the parties have engaged in the normal Rule 26(f) discovery process.

## BACKGROUND

Defendants Jack Carrel, Mauricio Ferrer, and Shawn Loftis are three former employees of the Plaintiff, AIDS Healthcare Foundation, Inc. ("AHF"), and are Relators in a *qui tam* action against AHF now pending before the Court.  *United States of America and the State of Florida ex rel. Jack Carrel, Mauricio Ferrer, and Shawn Loftis vs. AIDS Healthcare Foundation, Inc.*, Case No. 0:14-cv-61301-KMW.  Defendants Cohen Milstein Sellers & Toll, PLLC and partner

Theodore J. Leopold, Esq., Salpeter Gitkin, LLP, and Kaiser Law Firm, PLLC (hereafter, the "Attorney Defendants") are law firms who are currently counsel of record for the Relators in the *qui tam* action.  In the *qui tam* complaint, filed under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, and the Florida False Claims Act, Fla. Stat. §§ 68.081 *et seq.,* the Relators have alleged that AHF has fraudulently billed the United States and the State of Florida through the Medicare and Medicaid programs.  In support of the claims asserted by Relators in their Amended *Qui Tam* Complaint, the Attorney Defendants attached certain internal AHF documents as exhibits to the Complaint. One of those exhibits – Exhibit 9 – is a redacted AHF spreadsheet that references (not by name) some 840 AHF patients who, according to the Complaint, were improperly "linked" by AHF to services in an illegal referral scheme.

Following the filing of the Amended *Qui Tam* Complaint, AHF wrote to Relators' counsel and asserted that the redacted spreadsheet contained certain private healthcare information of some AHF patients, and that this information should be kept confidential pursuant to the privacy provisions of the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d *et seq.* ("HIPAA").  AHF demanded that the exhibit be removed from the public domain.  Without conceding AHF's assertions, the Attorney Defendants immediately responded by filing with this Court a Motion to Withdraw Exhibit 9 to Amended Complaint, Docket Entry 14-9, and Substitute Redacted Version of Exhibit (D.E. 17), and the Court then granted the motion and directed the Clerk to replace DE 14-9 with the further redacted exhibit submitted as DE 17-1.  In addition, Defendant Cohen Milstein, as requested by AHF, removed from its firm website the hyperlink to Exhibit 9 to the Amended *Qui Tam* Complaint.

Despite the Attorney Defendants' immediate response and curative actions concerning public disclosure of any arguably HIPAA-protected information, AHF has seized upon the

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

attachment of Exhibit 9 to the Amended *Qui Tam* Complaint in an effort to retaliate against Relators and their counsel for their initiation of the *qui tam* proceeding. Thus, AHF has taken the unprecedented and unfounded step of commencing this separate action for both damages and injunctive relief alleging common-law breach of contract and conversion claims against Relators *and* common-law conversion and tortious interference with contract claims against the Attorney Defendants, Relators' litigation counsel. AHF has attempted to disguise this baseless and retaliatory suit as an effort to protect the privacy rights of its patients – though no actual AHF patients are named as parties, and HIPAA does not create a private right of action for patients, let alone healthcare providers such as AHF.

AHF followed its commencement of this action with the instant discovery motion, in which AHF advances the baseless assertion that it is *required by statute* to sue the Relators and their lawyers and seek expedited discovery in order to protect its patients from injury. *See* D.E. 22 at 17. AHF cites no legal authority for this proposition, and, indeed, what little case law AHF includes in its motion demonstrates that the motion should be denied. AHF also asserts that expedited discovery is necessary so it can determine whether or not to pursue a preliminary injunction or sanctions against the Defendants (*see* D.E. 22 at 21), but it fails to provide any legal authority that would entitle it to engage in a fishing expedition to seek evidence for a threatened motion for sanctions *in a different case*. If AHF is in such a hurry to begin discovery related to the evidence submitted by Relators in the *qui tam* action, the proper place for it is in that action, not in this separate proceeding. Notably, AHF's counsel thus far has declined to participate in a Rule 26(f) discovery conference in that action.

# ARGUMENT

Expedited discovery is unwarranted in this matter because Defendants will be filing this week Fed. R. Civ. P. 12(b)(6) motions to dismiss the complaint that, if granted, would moot the need for any discovery in this action at all. Beyond that, AHF has failed to specifically allege, much less make a *prima facie* showing that it is subject to any irreparable harm that would merit deviation from a standard discovery schedule, or otherwise show good cause for expedited discovery. Indeed, it is apparent that AHF has filed this motion simply to try to gain some tactical advantage over Relators in the *qui tam* action, which is the proper forum for discovery between the parties.

**A. Expedited Discovery Is Not Warranted Because Defendants Are Filing Dispositive Motions This Week.**

Pursuant to Fed. R. Civ. P. 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The parties have not yet conferred as required by Rule 26(f), and the Court has not set a deadline for the parties to submit a scheduling order. Indeed, pursuant to the Court's Order (D.E. 26), Defendants have until May 29, 2015, to file their responses to the Complaint.[1] In accordance with that schedule, Defendants will be filing Rule 12(b)(6) motions to dismiss that will demonstrate that the claims against all of the Defendants fail to state a claim upon which relief may be granted.

---

[1] Although AHF agreed to Defendants' motion for an extension of time to respond to the complaint until May 29, 2015, AHF refused to agree to Defendants' request for a 2-day extension of the deadline for Defendants' to respond to the motion for expedited discovery so that the current response would be due on the same day as Defendants' responses to the Complaint – *i.e.,* May 29.

Expedited discovery is "not the norm," and it is a plaintiff's burden to make a "*prima facie* showing of the *need* for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). In those limited circumstances where courts have allowed expedited discovery, it has typically been upon a showing of irreparable harm that can be addressed by expedited discovery or to prevent the spoliation of evidence. *See St. Louis Grp., Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240-41 (S.D. Tex. 2011) (collecting cases).

Where a motion to dismiss has been filed, courts frequently refuse to allow expedited discovery while the motion is pending, because of the unnecessary burden that expedited discovery may have on both litigants and the court. *See, e.g., Wilcox Indus. Corp. v. Hansen*, 279 F.R.D. 64, 72 (D.N.H. 2012) (pending motion to dismiss weighs against expedited discovery); *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (denying expedited discovery while motion to dismiss is pending); *True the Vote, Inc. v. Internal Revenue Serv.*, No. 13-734 (RBW), 2014 WL 4347197, at *8 (D.D.C. Aug. 7, 2014) (dismissing motion to expedite as "premature" while motion to dismiss is pending); *Unified Gov't of Wyandotte Cnty./Kansas City, Kan. v. U.S. Gen. Servs. Admin.,* No. 11-2400-JTM, 2012 WL 602838, at *2 (D. Kan. Feb. 24, 2012) (denying motion to expedite discovery in light of pending motion to dismiss); *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *5 (D. Kan. Mar. 20, 2009) (same); *Sinclair Nat'l Bank v. Office of the Comptroller of the Currency*, No. 00-2398, 2000 WL 34012862, at *4 (D.D.C. Dec. 18, 2000)(same).

On May 29, 2015, just two days from now, Defendants will be filing Rule 12(b)(6) motions to dismiss the Complaint on the grounds that the underlying conduct of the Attorney Defendants alleged in the complaint is privileged and that AHF has failed to adequately allege

the elements of its claims against any of the Defendants. Because these motions are likely to dispose of the entire action, the burden on the Defendants and the Court from expedited discovery would simply be wasted effort. *See Wilcox*, 279 F.R.D. at 72 (noting the potential "unnecessary effort" of expedited discovery before a motion to dismiss is decided). AHF's motion for expedited discovery should therefore be denied.

    **B. AHF's Motion Should Also Be Denied Because AHF Has Failed to Allege, Much Less Make Any *Prima Facie* Showing, That It Is Incurring Any Harm That Would Necessitate Expedited Discovery.**

As discussed above, it is a plaintiff's burden to make a "*prima facie* showing of the *need* for the expedited discovery." *Merrill Lynch*, 194 F.R.D. at 623. AHF's motion fails to articulate, much less make any *prima facie* showing, of any need for expedited discovery outside the normal procedures. Although AHF asserts that certain information contained in the originally filed, but since withdrawn, Exhibit 9 is "highly sensitive" and argues that "time is of the essence," nowhere in its motion does AHF explain *why* there is presently any special urgency that would warrant expedited discovery to investigate how the Relators came to possess the patient spreadsheet or any other information. AHF asserts that it requires this relief "to protect AHF and its patients from future harm," but it fails to explain what "future harm" it may suffer from the Relators' continued possession of the documents at issue – or, for that matter, how it has any standing to seek relief on behalf of its patients, who are not a party to this action.[2] These conclusory allegations are manifestly insufficient to support a motion for expedited discovery. *See, e.g., Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB, 2011 WL 9293,

---

[2] To the extent that AHF alleges that there is the risk of future harm from potential disclosure of documents in the possession of the *qui tam* Relators or their counsel, any such risk is properly addressed with a motion for a protective order in the *qui tam* action. Indeed, HIPAA specifically contemplates such protection, as it provides that a covered entity may disclose protected health information in the course of "any judicial or administrative proceeding" pursuant to a court order, or where the party seeking the information has made reasonable efforts to secure a "qualified protective order." 45 C.F.R. § 164.512(e).

at *3 (D. Col. Jan. 3, 2011) (denying expedited discovery absent "any factual showing of a real need for expedited discovery"). Indeed, while AHF argues that it has a "statutory obligation" under HIPAA to "mitigate the harm" caused by Relators' possession of the patient spreadsheet and other unspecified documents, it cites no cases supporting its claim that it has any right, much less an obligation, to enforce any HIPAA-based claims. Because AHF has not shown any need for expedited discovery, its motion should be denied.

    C. **AHF's Motion Should Also Be Denied Because AHF Has Failed to Demonstrate Any of the Factors Required to Establish "Good Cause" for Expedited Discovery.**

Courts have adopted a good cause standard for determining whether to grant a motion seeking expedited discovery. *See St. Jude Medical S.C., Inc. v. Biosense Webster Inc.*, No. 6:13–cv–333–Orl–28TBS, 2013 WL 1502184, at *1 (M.D. Fla. Apr. 12, 2013). Factors the courts consider in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made. *Id.* (citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Authority*, 234 F.R.D. 4, 6 (D.D.C. 2006)). In determining whether expedited discovery is warranted, courts generally also consider whether a motion to dismiss the complaint is pending. *See cases cited above*. The party seeking to expedite discovery bears the burden of showing good cause for departing from the usual discovery procedures. *Nassau Terminals, Inc. v. M/V BERING SEA*, No. 99-104-CIV-J-20C, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999). AHF has failed to meet that burden.

1. **There is no pending motion for preliminary injunction.**

Although its Complaint seeks injunctive relief, AHF has not filed a motion for preliminary injunction, which weighs strongly against expedited discovery. *See, e.g., Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2013 WL 3283841, at *3 (S.D. Cal. June 26, 2013) (denying motion to expedite discovery in the absence of motion for preliminary injunction); *Dimension Data N. Am., Inc. v. NetStar–1, Inc.*, 226 F.R.D. 528, 531-32 (E.D.N.C. 2005) (same). Moreover, expedited discovery is not appropriate when sought in anticipation of a *prospective* motion for injunctive relief. *See Wilcox*, 279 F.R.D. at 69-70 (denying expedited discovery for "potential rather than an actual motion for preliminary injunctive relief"); *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 387 (E.D. Wis. 2009) (same); *Momenta Pharm., Inc. v. Teva Pharm. Indus. Ltd.*, 765 F. Supp. 2d 87, 89 (D. Mass. 2011) (collecting cases) ("[t]he majority of courts have held…that the fact that there was no pending preliminary injunction motion weighed against allowing plaintiff's motion for expedited discovery"). Nor has AHF has cited any authority that would support a right to conduct expedited discovery in aid of an as-yet-unfiled motion for sanctions. This factor clearly weighs against expedited discovery.

2. **The discovery AHF seeks is demonstrably overbroad.**

The discovery AHF seeks sweeps far beyond what is even arguably necessary to learn how the Relators acquired any records that might contain HIPAA-protected information. Assuming AHF could otherwise show good cause for the relief it seeks – which it cannot – the information could be acquired simply by serving interrogatories under Fed. R. Civ. P. 33. Instead, AHF seeks a far-ranging production of records sweeping well beyond the narrow issue of confidential health information that AHF has invoked as justification for this motion.

For example, AHF's request for production seeks not only confidential health information but also all "confidential AHF documents." *See* D.E. 22-1 at 10. AHF also seeks any records "pertaining to any efforts [Relators] have taken to secure confidential AHF documents," and any records regarding any communications between the Relators and their attorneys and the governments of the United States and the State of Florida. None of this information is critical, or even relevant, to the sole issue AHF claims it seeks to remedy – the *potential* public disclosure of patient health information. *Id.* Moreover, because the expedited discovery AHF seeks is aimed not only at the Relators but also at their counsel (*see* D.E. 22-1 at 33), AHF's discovery requests clearly seek privileged attorney-client communications and information. Thus, AHF's proposed discovery requests are not narrowly tailored to the issue of public disclosure of patient health information. This further weighs against the request for expedited discovery. *See, e.g., American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1069 (C.D. Cal. 2009) (denying expedited discovery "where movant's discovery requests were 'wholly overbroad in scope'").

**3. AHF has not demonstrated a valid reason for seeking expedited discovery.**

AHF asserts that it should be allowed to take expedited discovery because it has a purported "statutory obligation" to determine if the Relators are in possession of any material that contains private medical information protected by HIPAA. As noted above, AHF cites no legal authority supporting the assertion that it has any right, much less an obligation, under HIPAA to sue the Relators and their lawyers. Indeed, AHF has no standing to assert claims on its patients' behalf, and no patients are named as plaintiffs in this action.

The case law cited by AHF in support of its motion demonstrates why this motion should be denied. In particular, *Cabotage v. Ohio Hosp. for Psychiatry* undermines AHF's argument. As in this case, the employer in *Cabotage* sought an order from the court demanding

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900 F. 305·858·5261

the return of documents in the possession of a former employee because, according to the employer, they were protected under HIPAA. *Cabotage v. Ohio Hosp. for Psychiatry, LLC*, No. 2:11-CV-50, 2012 WL 3064116, at *3 (S.D. Ohio July 27, 2012). The *Cabotage* court denied the employers' motion because, "to the extent Plaintiff's continued possession of the documents at issue violates HIPAA, the Secretary of Health and Human Services, not this Court, is the only party authorized to enforce the Act." *Id.* As in *Cabotage*, AHF is "effectively seeking to enforce" HIPAA through its complaint. Because it has no standing to enforce HIPAA, its request to conduct expedited discovery in support of such a claim should be denied.

AHF also cites *TracFone Wireless, Inc. v. Adams* in support of its motion. In that case, the court granted expedited discovery to allow TracFone to discover the scope of an *ongoing* fraudulent "scheme" in which the defendants allegedly posed as TracFone employees to gain free TracFone airtime. *TracFone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015). The court found that expedited discovery was warranted "so that TracFone may mitigate any additional irreparable harm caused by Defendants' ongoing alleged scheme."[3] *Id.* In this case, however, AHF has not asserted that it is suffering any *ongoing* harm, or indeed that it has suffered *any* harm at all. *See Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 421 (D. Col. 2003) (denying motion for expedited discovery to address "conduct that has already occurred, which would have little, if any, bearing on irreparable injuries that may occur *pendent lite*"). In stark contrast to the situation in *TracFone*, AHF is not seeking expedited discovery to smoke out an ongoing fraudulent scheme. Indeed, Relators all left the employ of AHF more than eighteen months ago.

---

[3] *TracFone* is also distinguishable because it involved a claim for infringement. Good cause for expedited discovery frequently exists in infringement actions because of the ongoing nature of infringing conduct. *See, e.g., Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Col. 2002).

The remaining cases cited in AHF's motion are either inapposite or stand only for the general principle that a court has inherent power to issue sanctions or otherwise limit the use of information gained outside the normal discovery process. *See Hodgson v. Texaco Inc.*, 440 F.2d 662, 663 (5th Cir. 1971) (holding that employee's retention of company records was not protected activity under the Fair Labor Standards Act); *JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 697, 704 (E.D. Va. 2007) (employer could sustain breach of contract action against employee who violated disclosure agreement). None of these cases cited by AHF has any bearing on the instant motion. AHF is not before the court in this case seeking sanctions or moving to exclude documents from evidence in the *qui tam* action — indeed, to date AHF has declined to participate in a Rule 26(f) discovery conference in that action.

The only explicit reason AHF has offered for seeking expedited discovery is, in fact, an improper one. In its motion, AHF states that it is seeking expedited discovery "to further develop the factual record concerning the Former Employees' self-held discovery tactics and Defendants' possession and use of the confidential information and thereby determine what remedies and sanctions to seek in a forthcoming motion for injunctive relief." D.E. 22 at 23. Obviously, any motion for sanctions being contemplated by AHF must be submitted in the *qui tam* action, where any allegedly sanctionable "self-help discovery tactics" took place. AHF cannot use this discovery motion to attempt to gather evidence for use in the separate *qui tam* lawsuit. In determining whether a motion for expedited discovery or other discovery request is proper, "a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied." *See Nu Image, Inc. v. Does 1-23, 322*, 799 F.Supp.2d 34, 41 (D.D.C. 2011) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

352 n.17 (1978)).  For this additional reason, AHF's motion for expedited discovery should be denied.

**4. The burden of the requested discovery request on Relators and their Counsel would be substantial.**

AHF's vague and open-ended discovery requests manifestly would impose an undue burden on Defendants.  As the Eleventh Circuit has noted:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  The burdens described in *Chudasama* would be particularly acute for Defendants in this case, because AHF's request for production seeks documents from both the Relators and their attorneys, raising obvious privilege issues.  In contrast to the substantial burden and expense to Defendants if they are required to provide the expedited discovery AHF seeks, AHF will suffer no harm if this motion is denied and it is required to conduct discovery in the normal course of this case and after Defendants' threshold dispositive motions are decided.  Indeed, it is apparent that this motion is in fact a "thinly veiled attempt to circumvent the normal litigation process" in the *qui tam* action in an effort to gain a tactical advantage by short-circuiting the standard discovery procedures in that case, which is reason enough to deny the motion.  *See In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D.D.C. 2005).  This factor strongly weighs against allowing AHF to conduct expedited discovery.

**5. AHF's motion for expedited discovery is premature**

At a minimum, the Court should first decide Defendants' Rule 12(b)(6) motions to dismiss before allowing any expedited discovery in this case. As noted above, courts frequently hold that a motion to expedite discovery is premature where a motion to dismiss is pending. *See, e.g., True the Vote, Inc. v. Internal Revenue Serv.*, No. 13-734 (RBW), 2014 WL 4347197, at *8 (D.D.C. Aug. 7, 2014); *Unified Gov't of Wyandotte Cnty./Kansas City, Kan.,* 2012 WL 602838 at *2; *Sunflower Electric*, 2009 WL 774340 at *5. Defendants will be filing motions to dismiss the complaint within two days – *i.e.*, by May 29, 2015. For this additional reason, therefore, the Court should deny AHF's motion.

## CONCLUSION

AHF's motion for expedited discovery is a transparent attempt to collect information to be used against the Defendants in the *qui tam* action – where AHF thus far has refused to participate in a Rule 26(f) discovery conference. Because Defendants are this week filing dispositive Rule 12(b)(6) motions, because AHF has failed to demonstrate that it is incurring any imminent harm that would justify expedited discovery and further has failed to demonstrate good cause for deviating from the normal course of discovery, and for the other reasons set forth above, Plaintiff's motion for expedited discovery should be denied.

Respectfully submitted,

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

CASE NO: 15-cv-21546-KMW

        COFFEY BURLINGTON, P.L.
        2601 South Bayshore Drive, Penthouse One
        Miami, Florida 33133
        Tel:  305-858-2900
        Fax:  305-858-5261

        By:   /s/ *Andrew H. Marks*
              Andrew H. Marks, FBN 225231
              amarks@coffeyburlington.com
              Robert K. Burlington, FBN 261882
              rburlington@coffeyburlington.com
              service@coffeyburlington.com

*Counsel for Defendants Cohen Milstein Sellers & Toll, PLLC, and Theodore J. Leopold, Esq.*

THE SLOMAN LAW FIRM
SunTrust International Center
Miami, FL 33131
Tel: (305) 371-9686
Fax: (305) 371-9687

By:   */s/ Jeffrey H. Sloman*
       Jeffrey H. Sloman, FBN 378879
       jsloman@bellsouth.net

*Counsel for Defendants Jack Carrel, Mauricio Ferrer, and Shawn Loftis*

SALPETER GITKIN, LLP
One East Broward Boulevard - Suite 1500
Fort Lauderdale, FL 33301
Tel: (954) 467-8622
Fax: (954) 467-8623

By:   */s/ James P. Gitkin*
       James P. Gitkin FBN 570001

*Salpeter Gitkin, LLP (pro se)*

                    KAISER LAW FIRM, PLLC
                    926 RXR Plaza
                    Uniondale, NY 11556
                    Tel: (516) 570-3071

By: _____
                    Geoffrey R. Kaiser, Esq.

*Kaiser Law Firm, PLLC (pro se)*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 27<u>th</u> day of <u>May, 2015</u>, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Andrew H. Marks*
      Andrew H. Marks

## SERVICE LIST

**Jeffrey E. Markus, Esq.**
**Jeffrey A. Neiman, Esq.**
MARCUS NEIMAN & RASHBAUM LLP
100 S.E. Third Avenue, Suite 805
Fort Lauderdale, FL 33394
T: 954.462.1200
F. 954.688.2492
jneiman@mnrlawfirm.com
*Counsel for Plaintiff AIDS Healthcare Foundation, Inc.*

**Mitchell A. Kamin, Esq.**
**Paul S. Chan, Esq.**
**Marc E. Masters, Esq.**
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
T: 310.201.2100
F. 310.201.2110
*Counsel for Plaintiff AIDS Healthcare Foundation, Inc.*